IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TOMMY LEE WAUGH, #47088-074,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) Case No. 21-cv-1056-JPG ) |
| **DAN SPROUL,** **BARBARA BLANCKENSEE,** **MICHAEL CARVAJAL, and** **KENNETH HYLE,** | ) ) ) ) ) |
| **Defendants.** | ) ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Tommy Lee Waugh is a federal prisoner, currently incarcerated at the United States Penitentiary in Terre Haute, Indiana. (Doc. 9). Plaintiff had previously been confined at the United States Penitentiary in Marion, Illinois ("Marion") in the Communications Management Unit ("CMU"). (Docs. 1, 1-1). This case began when Plaintiff filed a Complaint in the Circuit Court for the First Judicial Circuit, Williamson County, Illinois, while he was imprisoned at Marion.[1] (Doc. 1-1, pp. 2-9). On August 26, 2021, Defendants removed the case to this Court pursuant to the Federal Employees Liability Reform and Tort Compensation Act of 1988, a federal statute commonly known as the "Westfall Act," 28 U.S.C. § 2679, and alternatively under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). (Doc. 1). Plaintiff has not objected to the removal.

The Complaint alleges that Defendants improperly failed to provide Plaintiff with access to state case law and statutes, specifically Arizona law. As a result, Plaintiff was unable to comply

---

[1] Plaintiff's Williamson County case was docketed as No. 21-L-87, filed there July 12, 2021. (Doc. 1-1, p. 2).

with the requirements to successfully file lawsuits in Arizona state court. He seeks damages and injunctive relief. (Doc. 1-1, pp. 2-9).

This matter is before the Court for a preliminary merits review of the Complaint pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## REMOVAL

The underlying case was properly removed to this federal judicial district under both the Westfall Act, 28 U.S.C. § 2679, and the federal officer removal statute, 28 U.S.C. § 1442(a)(1). For actions such as this one which were commenced in state court, the Westfall Act calls for removal to the federal district court "embracing the place in which the action or proceeding is pending." *See Osborn v. Haley*, 549 U.S. 225, 230 (2007) (citing 28 U.S.C. § 2679(d)(2)). The Southern District of Illinois includes Williamson County, Illinois, where Plaintiff filed his state case. Section 1442(a)(1) allows removal where officers of the United States are sued in their official or individual capacity for acts under color of such office, as Plaintiff does here.

The Westfall Act further provides that when the Attorney General certifies that a federal employee who is sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claim arose," the United States shall be substituted as the sole defendant in the action. 28 U.S.C. § 2679(d)(2). The case then proceeds against the U.S. under the provisions of the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b), 2672, 2679(b)(1); 2679(d)(4). The FTCA establishes federal district court jurisdiction over "civil actions on claims against the United States, for money damages…for injury or loss of

property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government" where the law of the place of occurrence would provide for liability. 28 U.S.C. § 1346(b)(1).

A United States Attorney may issue the certification under the Westfall Act in lieu of the Attorney General. This certification has been submitted, showing that Defendants Sproul, Blanckensee, Carvajal, and Hyle were employees of the Federal Bureau of Prisons ("BOP") acting within the scope of their federal employment at the relevant times described in Plaintiff's Complaint. (Docs. 1, 1-2). Accordingly, the United States will be substituted for these Defendants for any claims brought against them under Illinois law in their individual capacity that survive merits review, and those claims will then proceed under the FTCA.

### The Complaint

Plaintiff makes the following allegations in his Complaint (Doc. 1-1): Between November 7, 2018 and October 2019, Plaintiff was housed in the Special Housing Unit ("SHU") at the U.S. Penitentiary in Tucson, Arizona. (Doc. 1-1, p. 7). He was placed in the SHU for allegedly violating a court order prohibiting him from contacting his minor daughter. Plaintiff did not believe he was in violation of that court order and believes BOP employees in Arizona violated his constitutional rights. He attempted to file four lawsuits in the Pima County, Arizona, superior court, but his lawsuits were returned because the fee waiver applications had not been notarized.

Defendants Sproul (Marion Warden), Blanckensee (BOP Regional Director), Carvajal (BOP Director), and Hyle (BOP Assistant Director) refuse to place state case law, reporters, and state statutes on the Electronic Law Library ("ELL") system for prisoners. Without access to that material, and not having litigated in Arizona before, Plaintiff was not aware that notarization of his Arizona fee waiver applications was required. He asserts that he "needs full access to Arizona

3

state case law, reporters, and state statutes, so that he can litigate his lawsuits." (Doc. 1-1, p. 8).

Plaintiff invokes *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) in his claims for damages and injunctive relief. (Doc. 1-1, p. 8). He also brings a negligence claim under Illinois law. *Id.*

Based on the allegations in the Complaint and Plaintiff's articulation of his claims, the Court designates the following claims in this *pro se* action:

Count 1: First Amendment denial of access to courts claim against Defendants in their individual capacities for hindering Plaintiff from filing conditions of confinement claims in Arizona Superior Court for Pima County, through their policy of denying federal inmates access to state law materials.

Count 2: *Bivens* claim for injunctive relief against Defendants in their official capacities, to enjoin them from denying Plaintiff access to Arizona state case law, reporters, and state statutes.

Count 3: Claim for negligence under Illinois law against all Defendants for breaching their duty to provide Plaintiff with access to state case law, reporters, and state statutes, including Arizona materials.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.[2]

### DISCUSSION

As an initial matter, Defendants assert that this case "appears to be the same case as the one plaintiff filed as 21-L-52" in Williamson County, which was also removed to this Court and docketed as Case No. 21-cv-812-JPG, *Waugh v United States*. (Doc. 1, p. 1). Case No. 21-cv-812-JPG remains pending against the United States on three FTCA claims (civil conspiracy, negligence, and intentional infliction of emotional distress) based on BOP employees' refusal to

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

4

provide Plaintiff with notary services he needed to file lawsuits in Pima County, Arizona.

Defendants are correct that the claims in this action and in Case No. 21-cv-812-JPG arose out of BOP employees' actions or inactions which allegedly prevented Plaintiff from filing lawsuits in Arizona; both this case and Case No. 21-cv-812-JPG appear to involve the same four lawsuits Plaintiff wanted to file in Pima County. Case No. 21-cv-812-JPG relates to the denial of notary services. The instant case asserts that BOP officials failed to provide Plaintiff with access to Arizona state case law and statutes, without which he was ignorant of that state's requirement that signatures on certain documents must be notarized. This case and Case No. 21-cv-812-JPG are not duplicates. The cases may share common factual and legal questions indicating that consolidation would be appropriate. *See* FED. R. CIV. P. 42(a)(2). That issue is not currently before the Court, but may be revisited at a future date.

**Count 1 – First Amendment Denial of Access to Courts**

Plaintiff invokes *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) as authority for this First Amendment claim for monetary relief. *Bivens* recognized an implied civil damages remedy against individual federal officers who allegedly violated the plaintiff's federal constitutional rights under the Fourth Amendment. *Bivens* "authorizes the filing of constitutional tort suits against federal officers in much the same way that 42 U.S.C. § 1983 authorizes such suits against state officers." *King v. Fed. Bureau of Prisons*, 415 F.3d 634, 636 (7th Cir. 2005). However, unlike Section 1983 constitutional claims, *Bivens* claims for damages are authorized only in limited circumstances. The Supreme Court has recognized only two other instances in which an implied damages remedy is available for a constitutional deprivation. *Davis v. Passman*, 442 U.S. 228 (1979) (Fifth Amendment sex discrimination claim); *Carlson v. Green*, 446 U.S. 14 (1980) (Eighth Amendment claim for denial of medical care for a serious medical condition).

5

Recent cases have declined to extend a *Bivens* remedy to contexts beyond the Fourth Amendment's protection against unreasonable search and seizure and stated that further expansion of *Bivens* is a "disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120 (2017) (declining to extend *Bivens* to Fifth Amendment due process/conditions of confinement/abuse and equal protection claims; and to Fourth/Fifth Amendment strip search claims); *Egbert v. Boule*, -- U.S. --, 142 S. Ct. 1793 (2022) (no *Bivens* remedy for First Amendment retaliation claim or Fourth Amendment excessive force claim).

Plaintiff's First Amendment claim for damages in Count 1 is barred by the above authorities as an unauthorized expansion of the *Bivens* remedy. The United States Supreme Court has "never held that *Bivens* extends to First Amendment claims." *White v. True*, 833 F. App'x 15, 18 (7th Cir. 2020) (citing *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012)) (upholding district court's decision to dismiss First Amendment mail interference claim brought pursuant to *Bivens* at screening without further briefing); *see also Waugh v. United States*, 2022 WL 2356959, Case No. 21-cv-813-JPG (S.D. Ill. June 30, 2022); *Smadi v. True*, 2021 WL 2853262, Case No. 18-cv-2149-JPG (S.D. Ill. July 8, 2021).

Accordingly, Count 1 will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 2 – Injunctive Relief – Access to State Law Materials**

Plaintiff also bases this claim on *Bivens*, and specifically seeks an order requiring Defendants to provide him with access to Arizona state case law, reporters, and state statutes. This request indicates that Plaintiff wishes to consult this material to revive the state cases he attempted to file in Arizona over the 2018-2019 incidents there. However, Plaintiff stated in his First Amended Complaint in Case No. 21-cv-812-JPG that his inability to obtain notary services caused

him to miss the deadline for filing his cases in Pima County, Arizona. (Doc. 13, p. 19, in Case No. 21-cv-812-JPG). That statement amounts to a judicial admission that Plaintiff was unable to timely file his Arizona cases, and the Court can consider the admission in this case. *See Robinson v. McNeil Consumer Healthcare*, 615 F.3d 861, 872 (7th Cir. 2010) ("A judicial admission is a statement, normally in a pleading, that negates a factual claim that the party making the statement might have made or considered making.").

Because Plaintiff's deadline to file the Arizona cases has passed, an order enjoining the Defendants from denying him access to Arizona legal materials cannot possibly help Plaintiff to re-file the Pima County cases in the future. The Court therefore concludes that no live case or controversy exists for which Plaintiff could obtain meaningful injunctive relief, even if he were to prevail on the claim in Count 2. *See Olson v. Brown*, 594 F.3d 577, 580 (7th Cir. 2010) ("A case is moot when 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'") (quoting *United States Parole Commission v. Geraghty,* 445 U.S. 388, 396 (1980)); *see also* Doc. 14, p. 6 in Case No. 21-cv-812-JPG. Accordingly, this claim will be dismissed as moot.

**Count 3 – Negligence**

To state a claim for negligence under Illinois law, a complaint must allege facts to establish that the defendant owed the plaintiff a duty of care, breached that duty, and that the breach was the proximate cause of the plaintiff's injury. *Thompson v. Gordon*, 948 N.E.2d 39, 45 (Ill. 2011).

In this case, Plaintiff asserts that the individual Defendants had a duty to provide him access to state law materials, particularly Arizona state case law, reporters, and statutes, and their refusal to do so caused him to be unable to litigate his claims in Arizona state court. At this early stage, Count 3 is not subject to dismissal pursuant to § 1915A, and the negligence claim will proceed as

an FTCA claim against the United States. The Court makes no comment on whether Sproul, Blanckensee, Carvajal, or Hyle owed Plaintiff a duty to provide him with the state law materials he references.

## DISPOSITION

**IT IS HEREBY ORDERED** that Count 1 is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Count 2 is **DISMISSED** without prejudice as moot. Defendants Sproul, Blanckensee, Carvajal, and Hyle are **DISMISSED** without prejudice from the action, and the Clerk of Court is **DIRECTED** to **SUBSTITUTE** the United States as the Defendant in this matter.

**IT IS FURTHER ORDERED** that Count 3 survives § 1915A review and will proceed as an FTCA claim against the United States of America.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on the United States; the Clerk shall issue the completed summons. The United States Marshals **SHALL** serve the United States pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the First Amended Complaint (Doc. 13), and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the First Amended Complaint (Doc. 13), and this Memorandum and Order.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed without payment of fees was granted by the state court. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is reminded that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  4/19/2023

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before

defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so**.